Filed 10/28/15  P. v. Bergquist CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078362 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041285) |
| v. | |
| PETER SANDFORD BERGQUIST, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Peter Sanford Bergquist asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record, we find the trial court's sentencing order to be inconsistent with defendant's negotiated plea agreement. Accordingly, we will modify the judgment.

1

FACTS AND PROCEEDINGS

William Bathurst, 78 years old, allowed defendant, who was homeless, to sleep in his garage. One day, defendant was causing a disturbance so Bathurst called the police. The police made defendant leave, but defendant returned the following day.

A few days later, Bathurst was in the shower when he heard someone in his house. Bathurst found defendant inside his bedroom, looking through Bathurst's papers. Bathurst asked defendant to leave and defendant began screaming at Bathurst. Bathurst grabbed a baseball bat and defendant went to the kitchen and grabbed a glass jar, which he held over his head in a "striking" motion. Defendant then left and Bathurst again called the police.

After he called the police, Bathurst heard defendant in the backyard yelling. Bathurst went outside and saw defendant striking his fence, causing a board to break. Defendant then grabbed a 10-foot pole with a splintered end and threw it at Bathurst, striking Bathurst in the bicep. The police arrived and arrested defendant.

The People later charged defendant with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)) and elder abuse (Pen. Code, § 368, subd. (b)(1)). Defendant pleaded guilty to elder abuse. In exchange for his plea, the People agreed they would move to dismiss the assault with a deadly weapon charge with a *People v. Harvey* (1979) 25 Cal.3d 754 waiver and defendant would serve no more than four years in state prison.

The trial court subsequently sentenced defendant to a term of three years in state prison, in accordance with his plea agreement. The court also ordered defendant to pay various fines and fees and awarded him 237 days of custody credit. Defendant appeals without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues

2

on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find the trial court erred by failing to dismiss Count 1 of the information at the sentencing hearing in accordance with defendant's plea agreement. The minute order from the change of plea hearing reflects the dismissal, and the abstract of judgment correctly omits Count 1. We therefore modify the judgment (Pen. Code, § 1260) to dismiss Count 1. We find no other arguable issues.

DISPOSITION

The judgment is modified to dismiss Count 1 of the information alleging a violation of Penal Code section 245, subdivision (a)(1)(assault with a deadly weapon), in accordance with the negotiated plea agreement. As modified, the judgment is affirmed.


      HULL      , Acting P. J.



We concur:



      BUTZ      , J.



      DUARTE      , J.


3